IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMBER MCREDMOND, individually and as the Administratrix of the Estate of ROBERT MCREDMOND, SR., and ROBERT MCREDMOND, JR., individually,<br><br>Plaintiffs,<br><br>v.<br><br>HCR HEALTHCARE, LLC, HCR II HEALTHCARE, LLC, HCR III HEALTHCARE, LLC, HCR MANOR CARE SERVICES, LLC, MANOR CARE-PIKE CREEK OF WILMINGTON, DE, LLC, PROMEDICA HEALTH SYSTEM, INC., and PROMEDICA SENIOR CARE MEDICAL SERVICES I, LLC,<br><br>Defendants. | Civil Action No. 22-692-CFC |

## **MEMORANDUM ORDER**

Robert McRedmond, Sr. (Robert Senior) was a patient in a skilled nursing facility in New Castle County, Delaware just before he passed away from COVID-19 in May 2019. D.I. 13 ¶¶ 62, 73. That facility was operated by Defendants ProMedica Health Systems, Inc., HCR Healthcare, LLC, ProMedica Senior Care

Medical Services I, LLC, HCR II Healthcare, LLC, HCR III Healthcare, LLC, Manor Care-Pike Creek of Wilmington, DE, LLC, and HCR Manor Care Services, LLC (collectively, Manor Care). D.I. 13 ¶¶ 10–11, 17–18, 24–25, 31–32, 38–39, 52–53, 59–60. Robert Senior's children, Plaintiffs Robert McRedmond, Jr., and Amber McRedmond (collectively, the McRedmonds), brought this suit for negligence and wrongful death against Manor Care. D.I. 13 ¶¶ 76–84. I have subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1).

Manor Care moved to compel arbitration of Plaintiffs' claims under 9 U.S.C. § 1, *et seq.*, or alternatively to dismiss the case for lack of subject matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). D.I. 15. I previously denied Manor Care's motion to compel arbitration, but I did not address Manor Care's alternative argument to dismiss the case because Manor Care did not deny at oral argument that it would appeal the denial of its motion to compel arbitration. D.I. 32 at 13. Accordingly, I denied the alternative motion to dismiss without prejudice to refile. D.I. 32 at 13.

Now the motion to dismiss is once again before me because Manor Care has stipulated that it is "not appealing the Court's denial of [its] Motion to Compel Arbitration, and the time allowed for an appeal as of right has passed." D.I. 36 ¶ 4. The parties agreed to reinstate the previously filed alternative motion to dismiss (D.I. 15) and the related briefing. D.I. 36 ¶ 6.

2

Manor Care argues that the case should be dismissed for lack of subject matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) because Manor Care is immune from suit and liability under the Public Readiness and Emergency Preparedness Act (PREP Act), 42 U.S.C § 247. D.I. 16 at 10–11.

In 2005, Congress passed the PREP Act to protect "covered individuals . . . from lawsuits during a public-health emergency." *Maglioli v. All. HC Holdings LLC*, 16 F.4th 393, 400 (3d Cir. 2021). "The Act lies dormant until" the Secretary of the Department of Health and Human Services "publish[es] a declaration in the Federal Register recommending certain 'covered countermeasures.'" *Id.* (citing 42 U.S.C. § 247d-6d(b)(1)). In March 2020, the Secretary declared that COVID-19 is a public-health emergency. *See* Declaration Under the PREP Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15,198, 15,201 (Mar. 17, 2020).

"When the Secretary makes such a declaration, the covered individuals become immune from suit and liability from claims related to the administration of a covered countermeasure." *Maglioli*, 16 F.4th at 400–01 (citing 42 U.S.C. § 247d-6d(a)(1)). "The scope of the immunity is broad." *Id.* at 401. A covered person is immune from "any claim for loss that has a causal relationship with the

3

administration to or use by an individual of a covered countermeasure." 42 U.S.C. § 247d-6d(a)(2)(B).

The parties dispute what qualifies as an "administration" or "use" of a covered countermeasure. The Eastern District of Pennsylvania recently addressed this issue:

> Courts in this Circuit have resoundingly found that the PREP Act does not shield a covered individual from claims arising out of its *failure* to administer or use a covered countermeasure. *See, e.g., Beaty v. Delaware Cty.*, Civ. No. 21-1617, 2021 WL 4026373, at *2 (E.D. Pa. Aug. 5, 2021) ("The term 'covered countermeasure' does not include 'social distancing, quarantining, [or] lockdowns.' Nor does a defendant's failure to take countermeasures fall within the scope of the Act's protection, even if such action was federally mandated." (internal citations omitted)); *id.* ("The consensus among district courts across the country, however, is that claims like Plaintiffs' are outside the act's protection." (internal quotation omitted)); *Sherod v. Comprehensive Healthcare Mgmt. Servs., LLC*, No. 20cv1198, 2020 WL 6140474, at *7 (W.D. Pa. Oct. 16, 2020) ("The allegations asserted by Plaintiff in her Complaint directly suggest that the decedent died because Brighton failed to use countermeasures . . . . Thus, Plaintiff's allegations do not fall within the purview of the PREP Act."); *Estate of Maglioli v. Andover Subacute Rehab. Ctr.*, 478 F. Supp. 3d 518, 532 (D.N.J. 2020), *aff'd sub nom, Maglioli v. Alliance HC Holdings LLC*, 16 F.4th 393 (3d Cir. 2021) ("Plaintiffs are claiming (inter alia) that the Defendants committed negligence in that, among other things, they failed to take countermeasures, some of them allegedly federally required . . . . Such claims concerning the quality of care do not fall within the scope of the PREP Act.").

4

*Testa v. Broomall Operating Co., L.P.*, 2022 WL 3563616, at *4 (E.D. Pa. Aug. 18, 2022) (emphasis and alterations in original). I join the other district courts in the Third Circuit and find that "the PREP Act immunizes individuals who *used* covered countermeasures, [but] it does not shield covered individuals who *failed* to use covered countermeasures." *Id.* at *5 (emphasis in original).

Here, the McRedmonds bring a negligence claim and a wrongful death claim. The McRedmonds allege that Manor Care was negligent in the following ways:

> a. Failure to adequately screen visitors and staff to [the skilled nursing facility];
> b. Failure to properly isolate patients;
> c. Failure to consistently conduct COVID-19 screenings of patients; and
> d. Failure to timely refer a patient to a higher level of care when there was a significant change in condition.

D.I. 13 ¶ 78. The wrongful death claim is premised on the negligence claim. D.I. 13 ¶ 84.

Thus, both claims arise from alleged failures to act. The McRedmonds do not allege that Robert Senior's death was caused by the *use* of a covered countermeasure. *Testa*, 2022 WL 3563616, at *5 ("But nowhere in the Amended Complaint does [Plaintiff] allege that [Defendant] caused [Plaintiff's mother's] death by administering a covered countermeasure (such as a vaccine or an antiviral medication)."); *see also Martin v. Petersen Health Operations, LLC*, 37 F.4th

5

1210, 1213–14 (7th Cir. 2022) ("Face masks and other personal protective equipment are among the countermeasures defined by the Secretary, but [Plaintiff] does not allege that face masks led to her mother's death; instead she alleges that the nursing home *failed to use* masks and other protective equipment." (emphasis in original)). Accordingly, the PREP Act does not bar their claims.

NOW THEREFORE, at Wilmington this Thirteenth day of February in 2023, **IT IS HEREBY ORDERED** that what remains of the Renewed Motion of Defendants, Manor Care-Pike Creek of Wilmington DE, LLC, HCR Healthcare, LLC, HCR II Healthcare, LLC, HCR III Healthcare, LLC, HCR Manor Care Services, LLC, ProMedica Senior Care Medical Services I, LLC, and ProMedica Health System, Inc., to Compel Arbitration, and Alternative Motion to Dismiss Plaintiffs' Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) & 12(b)(6) (D.I. 15) is **DENIED**.

                                                              CHIEF JUDGE